UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXIS FULLER, | ) | |
| | ) | |
| Plaintiff | ) | Case No.: 07-C-6922 |
| | ) | |
| v. | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion for fees brought by plaintiff Alexis Fuller against Michael J. Astrue, the Commissioner of Social Security ("Commissioner"), pursuant to section 2412(d)(1) of the Equal Access to Justice Act ("EAJA").[1] The Court grants the motion awarding Ms. Fuller $7,297.75 because we find that the government's position was not substantially justified.

PROCEDURAL HISTORY

On April 29, 2002 Ms. Fuller applied for Disability Insurance Benefits ("DIB") and Supplementary Security Income ("SSI") with the Social Security Administration ("SSA"). The SSA denied both her application and request for reconsideration. Ms. Fuller subsequently requested a hearing in front of an Administrative Law Judge ("ALJ"). ALJ Robert Asbille found Ms. Fuller not disabled and the Social Security Appeals Council denied a request for review, making the ALJ's denial of benefits the final decision of the Commissioner.

---

[1] 28 U.S.C. § 2412(d)(1).

Ms. Fuller appealed the ALJ's ruling to the district court on December 7, 2007. Both parties moved for summary judgment and on November 14, 2008, the Court granted Ms. Fuller's motion and remanded the case for further proceedings. The Court ruled that the ALJ made an improper residual functional capacity ("RFC") determination by failing to describe how the evidence supported his conclusions. Specifically, the Court ruled that the ALJ's analysis was not detailed as required by law because it either discounted or failed to distinguish several pieces of evidence supporting a finding of disability. The ALJ's analysis also did not consider the possibility that Ms. Fuller's bipolar diagnosis could explain many difficulties in the record.

ANALYSIS

Under the EAJA, a district court may award a plaintiff attorney's fees where: "(1) the plaintiff is a 'prevailing party'; (2) the government's position was not substantially justified; (3) no 'special circumstances make an award unjust'; and (4) the fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement."[2] Here, Ms. Fuller is a prevailing party under applicable law, she timely filed a fees application accompanied by a reasonable itemized statement, and there exist no special circumstances making an award unjust.[3] The only remaining issue before the Court is whether the government's position was substantially justified.

Ms. Fuller argues that the Commissioner's lack of substantial justification is shown by the ALJ's failure to provide a detailed explanation of his RFC determination, his failure to consider all

---

[2] *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004) (*quoting* 28 U.S.C. 2412(d)(1)(A), (b)) (*citing United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000)).

[3] *See Shepard v. Sullivan*, 898 F.2d 1267, 1271 (7th Cir. 1990) (*quoting Tex. State Teachers v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 787 (1989)) (holding that a plaintiff is a prevailing party when she succeeds on a significant issue in litigation which achieved some benefit she sought in bringing suit); *see also Shalala v. Schaefer*, 509 U.S. 292, 303 (1993) (holding that the EAJA's 30 day time limit runs from the end of the period for appeal).

of Ms. Fuller's impairments established in the record, and his erroneous holding that Ms. Fuller was working. The ALJ's failure to consider evidence, she argues, is not a mere error in articulation but, rather, a failure to follow social security regulations and well-established law. Ms. Fuller also argues that the government's position was not substantially justified because the Court used "strong language" against the government's position in its opinion when discussing the merits of a key issue.[4]

The Commissioner argues that the government's position was substantially justified for two reasons. First, the Commissioner argues that the fact that the Court agreed with the Commissioner on several issues while remanding the case on one ground only indicates substantial justification. Second, the Commissioner argues that an award is inappropriate because the government's position is not based on poor reasoning by the ALJ but, rather, a failure to articulate his reasoning.[5]

The term "substantially justifies" means that the government's position was "justified in substance or in the main" or justified to a degree that it could "satisfy a reasonable person."[6] To show substantial justification, the government must demonstrate that its position was grounded in: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded."[7]

Certain factors are relevant in determining whether the government's position was

---

[4] *See Golembiewski*, 382 F.3d at 724-25 (noting that an opinion urging the ALJ to consider a host of evidence and urging the ALJ to assign the matter to another judge establishes a lack of substantial justification).
[5] *See Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (noting that the ALJ's failure to meet his articulation requirement does not indicate that the government's position was without substantial justification).
[6] *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994) (*quoting Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).
[7] *Golembiewski*, 382 F.3d at 724 (*citing Hallmark Construction Co.*, 200 F.3d at 1080).

reasonablely based in law and fact. First, if the ALJ violates a clear and longstanding judicial precedent in his determination or violates the Commissioner's own regulations, the ALJ's decision was not reasonably based in law and an award is proper.[8] Conversely, fees are not necessarily proper when an ALJ simply fails to meet his requirement to articulate the evidence or when he fails to "connect all the dots of the analysis."[9] Second, "strong language against the government's position" in a court's opinion discussing the merits of a key issue is an indication that a fees award is proper.[10]

Here, the Commissioner's position was not substantially justified for several reasons. First, the ALJ violated social security regulations and clear judicial precedent in his RFC determination. As Ms. Fuller notes, the ALJ failed to follow Social Security Regulation 96-8p when he did not provide a detailed narrative tracing the evidence to his conclusions.[11] The ALJ also violated legal precedent by failing to build an "accurate and logical bridge between the evidence and his findings" when he ignored 12 pieces of evidence.[12] The Commissioner is correct in noting that the court in *Stein v. Sullivan* held that a government's position was substantially justified when an ALJ merely failed to consider or failed to articulate that he considered some evidence.[13] *Stein* is distinguishable, however, because in that case, despite the ALJ's failure to consider some evidence, there was ample evidence to support the government's position.[14] Here, there was substantial evidence that the ALJ did not consider, such as the 12 pieces of evidence noted in the Court's opinion, numerous medical

---

[8] *See id*; *see also Gaylor v. Astrue*, 2009 WL 196260, at *3 (S.D.Ind. Jan. 27, 2009).
[9] *Cunningham v. Barnhart*, 440 F.3d 862, 865 (7th Cir. 2006); s*ee also Stein v. Sullivan*, 966 F.2d 317, 319–20 (7th Cir.1992).
[10] *Golembiewski*, 382 F.3d at 724.
[11] Dkt. 40.
[12] *See McKinnie v. Barnhart*, 368 F.3d 907, 910 (7th Cir. 2004) (*citing Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001)) (holding that the government did not build an accurate and logical bridge between the evidence and the ALJ's findings when the ALJ relied on contested expert testimony).
[13] *See Stein*, 966 F.2d at 320.
[14] *See id.*

records, and the impact of Ms. Fuller's diagnosis of bipolar. Second, the Court's opinion contained strong language against the government's position, indicating that an award is proper.[15] The Court called the ALJ's view of the record "one-sided," stated that he "erroneously relied" on certain facts, and noted that he erroneously considered Ms. Fuller's drug usage in determining the RFC.

The Commissioner's argument that its position is substantially justified because the Court agreed with the Commissioner on several issues, while remanding the case on one ground only, is unpersuasive. As a court in this circuit recently explained, several successful arguments in front of the district court is not supportive of substantial justification.[16] It would be unreasonable to require a plaintiff to prevail on every issue argued in litigation, given that she may raise alternative arguments in support of a particular result.[17] Additionally, applying such a rule would discourage attorneys from raising novel but reasonable arguments in support of their client's claims.[18]

---

[15] See Golembiewski, 382 F.3d at 724.
[16] See Robinson v. Astrue, 2009 WL 1258974, at *2 (N.D.Ill. May 4, 2009) (citing Harris v. Astrue, 2008 WL 410577, at *4 (N.D.Ind. Feb. 11, 2008)) (noting that the fact that the court found only some of plaintiff's arguments persuasive is not evidence of substantial justification because plaintiff may raise alternate theories in support of a particular result).
[17] See Bailey v. Barnhart, 473 F. Supp. 2d 842, 846 (N.D. Ill. 2006).
[18] See Jaffee v. Redmond, 142 F.3d 409, 416-17 (7th Cir. 1998).

## CONCLUSION

The government's position was not substantially justified and, for the reasons set forth above, the Court grants Ms. Fuller's motion for attorney's fees and awards $7,297.75 (the amount awarded is $272.50 more than that requested in plaintiff's initial motion due to two additional hours billed for work on plaintiff's reply brief).

**IT IS SO ORDERED**

**ENTERED: June 1, 2009**

**Susan E. Cox**
**UNITED STATES MAGISTRATE JUDGE**